UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JILL CHARMAINE BOURGEOIS,<br><br>               Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>               Defendant. | Case No. C10-5469-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Jill C. Bourgeois, seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications.  She contends the ALJ erred by (1) rejecting the opinions of treating doctor Susan Shlifer, M.D. and (2) by rejecting the opinions of examining doctors Mark Redmon, Psy.D, Paul Choi, M.D. and Kimberly Wheeler, Ph.D.  Dkt. 14.  As discussed below the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

### I.    FACTUAL AND PROCEDURAL HISTORY

Ms. Bourgeois is currently 49 years old, has 14 years of education, and has worked as a cashier and a resident nursing assistant.[1]  On August 8, 2006, she applied for benefits alleging disability as of July 10, 2004.  Tr. 80.  Her application was denied initially and on

---

[1] Tr. 80, 102, 530.

REPORT AND RECOMMENDATION- 1

reconsideration.[2]  The ALJ conducted a hearing on August 26, 2008, and issued a decision on November 12, 2008 finding Ms. Bourgeois not disabled.  Tr. 14.  As the Appeals Council denied Ms. Bourgeois' request for review, the ALJ's decision is the commissioner's final decision.  Tr. 4-7.

## II.   THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ made the following findings:

**Step-one**: Ms. Bourgeois has not worked since July 10, 2004.  Tr. 19.

**Step-two**: Ms. Bourgeois has the following severe impairments: depression, anxiety disorder NOS, and substance abuse.  Tr. 20.

**Step-three**: These impairments do not meet or equal the requirements of a listed impairment.[4]

**Residual Functional Capacity**: Ms. Bourgeois can perform a full range of work at all exertional levels but with the following nonexertional limitations: she can have limited to infrequent contact (20% or less) with the public.  Tr. 23.

**Step-four:**  Ms. Bourgeois can perform her past work as a housekeeper.  Tr. 30.

**Step-five**: Assuming Ms. Bourgeois cannot perform her past work, there are jobs Ms. Bourgeois can perform. She is therefore not disabled.  Tr. 31.

## III.   DISCUSSION

### A.   The ALJ's Step Two Analysis

Dr. Shlifer diagnosed Ms. Bourgeois with fibromyalgia and chronic fatigue syndrome (CFS) and opined that based on these conditions, Ms. Bourgeois cannot work.[5]  At step-two, the ALJ rejected the doctor's fibromyalgia diagnosis indicating there are no "tender point

---

[2]  Tr. 71-72, 75-77.
[3]  20 C.F.R. §§.1520, 416.920.
[4]  20 C.F.R. Part 404, Subpart P. Appendix 1.
[5]  *See* Tr 395-96.

REPORT AND RECOMMENDATION- 2

assessments" and rejected the doctor's CFS diagnosis because the doctor did not note symptoms that met the accepted criteria for CFS. Tr. 20-21. By rejecting these diagnoses, the ALJ also rejected the doctor's opinion that Ms. Bourgeois cannot work. TR. 21.

Ms. Bourgeois argues the medical evidence regarding the doctor's opinions is ambiguous and the ALJ erred in rejecting Dr. Shlifer's opinion without developing the record further. The Court agrees. The ALJ has a duty to develop the record to resolve ambiguity. "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citation omitted).

In *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), the ALJ rejected a treating doctor's opinion because it was "unsubstantiated" and there were no comments supporting the doctor's statement. *Id.* at 1287-88. The Ninth Circuit stated "[i]f the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry." *Id.* In this case, the ALJ rejected Dr. Shlifer's diagnoses indicating her treatment records did not contain specific findings or criteria the ALJ deemed necessary. No other doctor gave an opinion that contradicted Dr. Shlifer's diagnoses. Thus, the ALJ's assessment of the doctor's opinion hinged largely on the basis of the doctor's opinions. Under these circumstances, the ALJ had a duty to conduct an inquiry into the basis of the doctor's opinions.

The ALJ's duty to inquire in this particular case is highlighted by the ALJ's finding Ms. Bourgeois was dishonest with the doctor about her drug use and that "*if* Dr. Shlifer had known that the claimant had not completed substance abuse treatment and that she continued to use marijuana, Dr. Shlifer *might* not have been so ready to accept the claimant's pain complaints."

REPORT AND RECOMMENDATION- 3

*Id.* (emphasis added). Rather than guess at what Dr. Shlifer's opinion might have been, an appropriate inquiry should be made. Accordingly, the ALJ erred in rejecting Dr. Shlifer's opinions.

**B.     Assessment of Other Medical Evidence**

***1.  Dr. Paul Choi, M.D.***

Ms. Bourgeois argues, and the Court agrees, the ALJ erred in assessing Dr. Choi's opinions. In his psychiatric evaluation, Dr. Choi opined Ms. Bourgeois' "interactions with coworkers and the public may be somewhat inhibited and negatively affected by her anxiety and occasional feeling of panic and terror" and that "it is unclear whether or not she would be able to perform work activities on a consistent basis because of this fear." Tr. 189-90. The ALJ rejected this opinion for four reasons. First, that it was based on Ms. Bourgeois' subjective reports which the ALJ found not credible. An ALJ does not provide adequate reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Choi did not discredit Ms. Bourgeois in any way and thus this is not a proper ground to reject the opinion.

Second, that Ms. Bourgeois does not suffer from panic attacks because she can ride the bus, attend medical appointments and counseling sessions, and has no medically documented history of panic attacks. Tr. 26. This is not an adequate reason because Dr. Choi did not diagnose Ms. Bourgeois as suffering from panic attacks. Tr 189. Rather, he diagnosed her with anxiety disorder and that her feelings of panic are a symptom of the disorder. Hence the lack of medical history diagnosing panic attacks is not grounds to reject the doctor's opinion. As to Ms. Bourgeois' ability to ride the bus, that may show she can be around others. However, it does not

REPORT AND RECOMMENDATION- 4

show she can work with others or handle the stress of a workplace.  And finally, that Ms. Bourgeois sees her doctors and counselors does not show she does not suffer feelings of panic or anxiety.  It indicates she has mental health problems for which she receives treatment.  But going to the doctor does not show she can work with others or handle the stresses of a normal workplace.  The ALJ may not penalize a claimant for attempting to live a normal life in the face of her limitations.  *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  Hence Ms. Borugeois' attendance at doctors appointments or taking the bus are not grounds to reject the doctor's opinions.

Third, Ms. Bourgeois has not been compliant with her medications and did not seek mental health counseling until 2008.  Tr. 28.  Unexplained failure to seek treatment is a clear and convincing reason to question a claimant's credibility.  *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  However, where a claimant failed to seek treatment because she lacked medical insurance, that would not support an adverse credibility determination.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  The ALJ's finding Ms. Bourgeois was not taking her medications is based on her admission that she was not taking her trazadone and Xanax.  Tr. 25.  Ms. Bourgeois made that admission to Dr. Choi who also noted "she is not taking these medications at this time because she cannot afford to pay for medications."  Tr. 186.

The record shows Ms. Bourgeois began mental health treatment with Kitsap Mental Health Services in 2008.  Here, Dr. Choi noted that Ms. Bourgeois' prognosis was poor due to the chronocity of her illness and "the difficulties that she has had accessing medical and mental healthcare." Tr. 189.  This indicates there may be a legitimate reason, such as lack of medical insurance, explaining why Ms. Bourgeois did not begin mental health treatment until 2008.  Hence, without more information, the fact Ms. Bourgeois started mental health treatment in 2008

REPORT AND RECOMMENDATION- 5

is not a basis to discount the doctor's opinion.

And fourth, that Ms. Bourgeois abused alcohol and was assaulted numerous times in the past, but now that she is sober she interacts with examiners and family members. Tr. 28. There is no evidence that Ms. Bourgeois is not mentally ill and that her problems flow from abusing alcohol. Indeed, the ALJ found that Ms. Bourgeois' depression and anxiety disorder were serious impairments. Hence past alcohol use is not a grounds to discount the doctor's opinions about her mental impairments. Additionally, Ms. Bourgeois' ability to interact with examiners and family members might show she is not oppositionally defiant but does not show that she can work with others. Additionally, as noted above, an ALJ may not penalize a claimant for attempting to live a normal life in the face of her limitations.

### 2. Dr. Kimberly Wheeler, Ph.D.

Dr. Wheeler opined Ms. Bourgeois is severely limited in her ability to relate to others in the workplace, and has marked or significant limitations in the ability to interact with the public or tolerate the pressures of the workplace and maintain appropriate behavior. Tr. 265. The ALJ rejected Dr. Wheeler's opinions for the same reasons she rejected Dr. Choi's opinions. Tr. 28. As discussed above, those reasons are inadequate.

### 3. Dr. Mark Redmon, Psy.D.

The ALJ rejected Dr. Redmon's diagnosis of somatization disorder finding the medical evidence does not support the diagnosis. Tr. 29. However, to simply say a medical opinion is not supported by the medical evidence is a conclusory statement and not an adequate reason to reject the opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ also rejected Dr. Redmon's diagnosis of somatization disorder indicating none of the other examining doctors diagnosed Ms. Bourgeois with somatization or pain disorder. Tr. 22. While the other

REPORT AND RECOMMENDATION- 6

examining doctors did not make these diagnoses, they did not render opinions excluding or contradicting Dr. Redmon's opinion. Additionally, Dr. Shilfer diagnosed Ms. Bourgeois with fibromyalgia and made numerous references in her records to Ms. Bourgeois' pain symptoms which is far more consistent with Dr. Redmon's opinion, than inconsistent.

The ALJ also rejected Dr. Redmon's opinions that Ms. Bourgeois' work capacity is limited, that her mental problems hinder her ability to work, and that she would "struggle with absenteesism, distractablity, poor task completion, and conflicts with supervisors and coworkers." Tr. 335. As grounds, the ALJ, indicated the doctor's opinions were based on Ms. Bourgeois' "uncorroborated" subjective pain complaints. Tr. 29. This is not an adequate basis to reject the opinions. First, it is based the ALJ's erroneous rejection of Dr. Shilfer's fibromyalgia diagnosis and findings that Ms. Bourgeois suffers from chronic pain. Second, the lack of objective medical evidence cannot be the sole reason an ALJ discounts subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (Claimant's testimony of disabling pain cannot be discredited "merely because [it is] unsupported by objective evidence.")

The ALJ also rejected most of Dr. Redmon's opinions on the grounds the tests he performed were "subjective instruments" or inconsistent with Ms. Bourgeois' cognitive functioning. Tr. 29. Dr. Redmon performed a battery of psychological tests to detect evidence of malingering, estimate Ms. Bourgeois' cognitive abilities, screen for brain damage, and assess "self-concept, emotional and interpersonal functioning." Tr. 332. There is no evidence these tests are improper, inaccurate or not accepted by medical professionals, and are not genuine diagnostic tools mental health professionals rely upon in reaching an opinion.

The ALJ did accept Dr. Redmon's test results finding Ms. Bourgeois' has "average"

REPORT AND RECOMMENDATION- 7

cognitive abilities.  But Dr. Redmon did not opine that Ms. Bourgeois cannot work because she lacks cognitive abilities.  Rather he opined she cannot work due to depression, difficulty concentrating, anxiety and somatization disorder.

The ALJ also indicated Ms. Bourgeois is dishonest with the doctors who have seen her about her drug use in an attempt to manipulate them for secondary gain. Tr. 29.  But Dr. Redmon's evaluation indicates he was quite aware of Ms. Bourgeois' substance abuse problems and her recently use of illegal drugs despite treatment.  Tr. 335-36.  Having that knowledge, he nonetheless concluded Ms. Bourgeois genuinely suffers from mental illness that severely impairs her ability to work.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes the ALJ erred in assessing the medical evidence at step two and four.  The Court recommends that the Commissioner's decision be **REVERSED** and this case is **REMANDED** for further administrative proceedings.  On remand, the ALJ should: (1) further develop the medical evidence, as necessary; (2) reevaluate the medical opinions in the record, (3) reassess step two of the evaluation process; (4) reevaluate Ms. Bourgeois' RFC; and (5) reassess steps four and five of the sequential evaluation process with the assistance of a vocational expert if deemed appropriate.  A proposed order accompanies this Report and Recommendation.

DATED this 10th day of February, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge